

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    -v.-

       SEALED INFORMATION

JOHN JOHNSON,

          Defendant.

       13 Cr. **13 CRIM 190**

- - - - - - - - - - - - - - - - - x

## COUNT ONE

(Conspiracy to Commit Securities Fraud)

The United States Attorney charges:

### Relevant Entities and Individuals

1. From in or about 2002 to 2008, JOHN JOHNSON, the defendant, was employed at a mutual fund ("Mutual Fund-A"), and from approximately 2004 to 2006, JOHNSON was a co-Portfolio Manager for Mutual Fund-A.

2. From in or about 2004 to 2007, Matthew Teeple, worked for a research group (the "Research Group") that provided consulting services to, among others, Mutual Fund-A. From in or about 2007 to at least in or about March 2013, Teeple worked as an analyst with a Hedge Fund ("Hedge Fund-A").

3. At all times relevant to this Information, Foundry Networks, Inc. ("Foundry") was a technology company specializing in networking hardware, headquartered in Santa Clara, California and listed on the Nasdaq Stock Market (ticker symbol: FDRY). In late 2008, Foundry was acquired by Brocade Communications



Systems, Inc. ("Brocade"), a technology company specializing in data and storage networking products, headquartered in San Jose, California, and also listed on the Nasdaq Stock Market (ticker symbol: BRCD).

4. At all times relevant to this Information, Brocade's and Foundry's policies prohibited the unauthorized disclosure of material non-public information ("MNPI" or "Inside Information").

### The Insider Trading Scheme

5. From at least in or about 2005 through in or about 2009, JOHN JOHNSON, the defendant, along with Matthew Teeple, and others known and unknown, conspired to engage in insider trading. In furtherance of the conspiracy, JOHNSON and Teeple, among others, participated in a scheme to defraud by sharing MNPI regarding certain public companies' quarterly public announcements, and other material financial and business information, for the purpose of executing securities trades based in whole or in part on such information.

6. Matthew Teeple obtained Inside Information directly and indirectly from employees of certain publicly-traded companies who had improperly disclosed the information in violation of those employees' fiduciary duties to the companies. Teeple then provided the Inside Information to, among others, JOHN JOHNSON, the defendant, with the expectation that JOHNSON

2

would use the Inside Information to execute securities transactions. JOHN JOHNSON, the defendant, used Teeple's Inside Information in making investment decisions during the course of his employment at Mutual Fund-A.

7. For example, Matthew Teeple provided Inside Information to JOHN JOHNSON, the defendant, regarding, among other companies, Foundry. Specifically, in July 2008, Teeple provided information to JOHNSON about an upcoming acquisition of Foundry by Brocade, including information about the timing of the announcement and pricing of this acquisition (the "Foundry Inside Information"). Teeple obtained the Foundry Inside Information from a Foundry employee (the "Foundry Insider") in July 2008, who had disclosed such information in violation of fiduciary and other duties of trust and confidence that the Foundry Insider owed to Foundry, as well as the written policy of Foundry regarding the use and safekeeping of Inside Information. In July 2008, JOHNSON used the Foundry Inside Information to trade in Foundry stock and made over $100,000 in illegal profits.

8. Matthew Teeple provided Inside Information to JOHN JOHNSON, the defendant, in order to further their friendship and in exchange for JOHNSON's information about various companies.

### The Conspiracy

9. From at least in or about 2005 through in or about 2009, in the Southern District of New York and elsewhere, JOHN

JOHNSON, the defendant, Matthew Teeple, and others known and unknown, willfully and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2.

### Object of the Conspiracy

### Securities Fraud

10. It was a part and an object of the conspiracy that JOHN JOHNSON, the defendant, Matthew Teeple, and others known and unknown, willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, and of the mails, and of the facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2, by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit

upon any person, all in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2.

### Means and Methods of the Conspiracy

11. Among the means and methods by which JOHN JOHNSON, the defendant, Matthew Teeple, and their co-conspirators, would and did carry out the conspiracy were the following:

   a. Teeple obtained Inside Information, including the Foundry Inside Information, directly and indirectly, from employees of companies who disclosed the Inside Information in breach of their fiduciary and other duties of trust and confidence owed to these companies.

   b. Teeple provided the Inside Information to JOHNSON and others.

   c. JOHNSON used the Inside Information to execute securities transactions.

### Overt Acts

12. In furtherance of the conspiracy, and to effect the illegal object thereof, JOHN JOHNSON, the defendant, Matthew Teeple, and their co-conspirators, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

   a. Between July 15 and 18, 2008, Teeple caused Hedge Fund-A to purchase securities in Foundry, utilizing a prime

broker located in New York, New York.

      b. On July 18, 2008, JOHNSON placed a telephone call to Teeple.

      c. On July 18, 2008, JOHNSON purchased approximately 3,900 shares of Foundry stock.

(Title 18, United States Code, Section 371.)

## COUNT TWO

(Securities Fraud)

The United States Attorney further charges:

14. The allegations contained in paragraphs 1 through 8, 11, and 12 of this Information are repeated and realleged as though fully set forth herein.

15. On July 18, 2008, in the Southern District of New York and elsewhere, JOHN JOHNSON, the defendant, willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, and of the mails and of the facilities of national securities exchanges, in connection with the purchase and sale of securities, did use and employ manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not

6

misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, JOHNSON purchased approximately 3,900 shares of Foundry stock, among other securities relating to the Foundry acquisition, on the basis of Inside Information he obtained from Matthew Teeple.

(Title 15, United States Code, Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations, Sections 240.10b-5 and
240.10b5-2; and Title 18, United States Code, Section 2.)

### FORFEITURE ALLEGATION

15. As a result of committing the foregoing securities fraud offenses alleged in Counts One and Two of this Information, JOHN JOHNSON, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the securities fraud offenses, including but not limited to a sum of money in United States currency which was derived from proceeds traceable to the commission of the securities fraud offenses.

### Substitute Assets Provision

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981;
Title 28, United States Code, Section 2461; Title 18, United States Code, Sections 371 and 2; Title 15, United States Code, Sections 78j(b) and 78ff; and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2.)

*[signature]*
PREET BHARARA
United States Attorney

8

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

JOHN JOHNSON,

Defendant.

---

INFORMATION

13 Cr. ___

(Title 18, United States Code, Section 371,
Title 17, United States Code, Sections 78j & 78ff)

PREET BHARARA
United States Attorney.

---

3-18-13 (WR): Filed Information & Waiver of Indictment.

— Keenan, J.